Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
Steven Lopez (SBN 300540)
sal@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone:   (510) 350-9700
Facsimile:   (510) 350-9701

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FAIN and FRANZETTA CHEATHON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and HONDA MOTOR CO., LTD.,<br><br>    Defendants. | Case No. 2:19-cv-2945<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Larry Fain and Franzetta Cheathon, on behalf of themselves and all others similarly situated, allege the following against Defendants American Honda Motor Company, Inc., and Honda Motor Co., Ltd, (collectively, "Honda"):

## SUMMARY OF THE CASE

1.    In the era of increasingly computerized and automized vehicles, a number of automotive manufacturers now equip their vehicles with computerized driver-assisting safety systems. These systems perform a variety of functions, including adaptive cruise control (which operates automatically to maintain a set distance from a vehicle ahead), lane departure warnings and steering inputs, and autonomous braking. The autonomous braking works to avoid front-end collisions by detecting vehicle speed and the speed of other vehicles and objects on the roads—and can automatically deploy the brakes to avoid a front-end collision.

2.    Honda provides these types of systems through a proprietary driver support suite it calls "Honda Sensing." Honda Sensing relies on a radar sensor (near the lower front bumper), an interior camera (near the rearview mirror), along with computers and other technology.  The autonomous braking system within Honda Sensing is called Collision Mitigation Braking System (or CMBS). Computerized driver-assisting safety systems generally, and autonomous braking systems like CMBS in particular, must undergo careful testing and inspection to ensure they work properly. Otherwise, the systems put lives at risk.

3.    Honda, as one of the first manufacturers to institute an autonomous braking system, has had a number of problems with false alarms—which is where the system brakes abruptly even though there is nothing around that risked a collision. Back in 2015, for instance, Honda issued a safety recall for various 2014-2015 model year vehicles that were having false alarms. Honda issued the recall because these false alarms "could increase the risk of a crash."  Other manufacturers have likewise issued safety recalls when their vehicles' automated braking systems deployed because of false alarms.

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

4.      Despite its longstanding familiarity with the failures of the Honda Sensing system and the importance of functional driver-assisting safety systems, Honda continues selling and leasing vehicles equipped with Honda Sensing. Drivers have thus reported in droves that their vehicles' Honda Sensing warning lights display without explanation, brakes deploy seemingly randomly and parts of the system like adaptive cruise control malfunction. As a result, drivers are brought to abrupt halts in traffics, trailing vehicles have to slam on the brakes or swerve dangerously out of their lanes, to avoid a crash. According to public records, at least one freeway collision has already occurred, and more are likely absent a quickly-implemented solution.

5.      Honda remains silent, however, and when asked by drivers and technicians trying to deal with the problem offers no solution, telling drivers and technicians that no repairs are available.

6.      Honda's conduct has needlessly endangered drivers, unjustly enriched Honda at consumers' expense, and violated consumer protection and warranty laws. On behalf of the classes they propose to represent, Plaintiffs seek awards of damages as well as injunctive and other equitable relief.

## PARTIES

7.      Plaintiff Larry Fain is a citizen and resident of Venice, Florida.

8.      Plaintiff Franzetta Cheathon is a citizen and resident of Rancho Cordova, California.

9.      Defendant American Honda Motor Company, Inc., is a California corporation with its headquarters and principal place of business in Torrance, California.

10.     Defendant Honda Motor Co., Ltd., is a Japanese corporation and the parent company of American Honda Motor Company, Inc. The two defendants are referred to collectively in this complaint as "Honda."

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

### JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which Honda and more than two-thirds of the proposed plaintiff classes are citizens of different states.

12.     This Court may exercise jurisdiction over Honda because it has located its American headquarters in California; it is registered to conduct business in California; it has sufficient minimum contacts in California; and it intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its vehicles, thus rendering the exercise of jurisdiction by this Court proper and necessary.

13.      Venue is proper in this District under 28 U.S.C. § 1391 because American Honda Motor Company, Inc., is headquartered in this district, Defendant Honda Motor Co., Ltd., is a foreign entity, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

### SUBSTANTIVE ALLEGATIONS

### Class Vehicles' Honda Sensing systems

14.     Honda manufactures, markets, and distributes mass-produced automobiles in the United States under the Honda brand name.  The Honda automobile models that are the subject of this case are the 2017-2018 Honda CR-V and all other Honda vehicles manufactured and sold with the same defective Honda Sensing system (collectively, the "Class Vehicles").

15.     All Class Vehicles come equipped with Honda Sensing, which Honda calls "a driver support system which employs the use of two distinctly different kinds of sensors, a radar sensor located at the lower part of the front bumper and a front sensor camera mounted to the interior side of the windshield, behind the rear view

3

mirror."[1] The "Honda Sensing" suite and CMBS are major aspects of Honda's marketing of Class Vehicles and help increase the market price of the vehicles.

16.     Honda Sensing comes with the following functions:

- Adaptive Cruise Control (ACC) with Low Speed Follow (LSF)*: Helps maintain a constant vehicle speed and a set following interval behind a vehicle detected ahead of yours and, if the detected vehicle comes to a stop, can decelerate and stop your vehicle. *if equipped

- Lane Keeping Assist System (LKAS): Provides steering input to help keep the vehicle in the middle of a detected lane and provides tactile and visual alerts if the vehicle is detected drifting out of its lane.

- Road Departure Mitigation (RDM) System: Alerts and helps to assist you when the system detects a possibility of your vehicle unintentionally crossing over detected lane markings and/or leaving the roadway altogether.

- Collision Mitigation Braking System (CMBS): Can assist you when there is a possibility of your vehicle colliding with a vehicle or a pedestrian detected in front of yours.[2]

17.     CMBS is supposed to provide alerts to drivers when a potential collision is detected and, when a collision is deemed unavoidable, the CMBS is supposed to automatically reduce vehicle speed by applying the brakes. The CMBS is capable of providing light brake application or strong brake application. According to Honda, the CMBS activates when:

---

[1]http://owners.honda.com/utility/download?path=/static/pdfs/2018/CR-V/2018_CR-V_Collision_Mitigation_Breaking_System.pdf
[2] Id.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

- The speed difference between your vehicle and a vehicle or pedestrian detected in front of you is about 3 mph (5 km/h) and over with a chance of a collision.
- Your vehicle speed is about 62 mph (100 km/h) or less and the system determines there is a chance of a collision with another vehicle or a pedestrian in front of you.
- You vehicle speed is above 62 mph (100 km/h), and the system determines there is a chance of a collision with a vehicle detected in front of you traveling in your same direction.[3]

18.    Honda first recognized the potential market demand for computerized driver-assisting safety systems decades ago. Honda introduced its CMBS in the Japanese market in June 2003, positing that the CMBS could help prevent rear-end collisions. The figure below shows the basic system configuration of the early CMBS—with radar to detect and measure the speed of objects in front of the vehicle; additional sensors to assist in measuring speed; a warning indicator on the dashboard; and an electronic control unit (or "ECU") that controls the autonomous braking system:



[3] http://techinfo.honda.com/rjanisis/pubs/OM/AH/ATLA1818OM/enu/ATLA1818OM.PDF at 533.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

19.    The Honda Sensing system in Class Vehicles employs a millimeter wave radar unit (on the front of the vehicle near the bumper) as well as a camera (located near the rearview mirror). For CMBS purposes, the radar and camera scan approximately 100 meters ahead of Class Vehicles searching for potential obstacles that could cause a collision. If an obstacle is detected, the CMBS will alert the driver and potentially apply light or strong brakes automatically.



CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

20.    Honda and the rest of the automotive industry have known for years that driver-assisting safety systems, including automatic braking systems, must be calibrated appropriately and vetted with testing and inspection before sale, to ensure that they are functioning properly and to ensure there are no false alarms (where the autonomous braking system activates even though there is no impending risk of a collision).

21.    The National Transportation Safety Board, for example, released a special investigation report in 2015 analyzing the use of autonomous braking systems. As the report stated, autonomous braking systems are to activate "only in critical situations."[4] The report also found that such collision avoidance systems "depend[] heavily on the accuracy and timeliness of detection, which relies on the quality of the installed sensor, camera, or vision algorithm detecting targets."

22.    Among the potential problems identified in the report was the possibility of false alarms, with "false alarm" defined as "the detection of a conflict when none is present." The report noted that among the limitations of a radar-based system is the reality that there will be "[i]ncreased interference from other sources resulting in more frequent misidentifications (e.g., identifying a bridge as a conflict vehicle)."

23.    As Honda has long known, Class Vehicles' suite of driver-assisting safety systems, including the autonomous braking system, are dangerously defective. Drivers report that they frequently see an error message on their dashboard stating there is a problem with the CMBS. With this error, the CMBS (and other features including adaptive cruise control) may be deactivated. Worse, the CMBS frequently causes Class Vehicles to brake without warning, even when driving at high speeds and with no plausible risk of collision ahead. This can be extremely dangerous— among other things, it creates a risk that vehicles trailing behind will either rear-end

---

[4] https://www.ntsb.gov/safety/safety-studies/Documents/SIR1501.pdf.

7

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

the Class Vehicle, have to slam on the brakes themselves, or swerve out of their lane to avoid a collision.

24.    As one news report put it, there are "rising concerns that the system will brake for no reason at all"; thus, Honda's "Collision mitigation braking assist … applies brake pressure when an unavoidable collision is determined *or when an 'unavoidable' situation is created out of thin air by the robot mind of your car*."[5]

25.    Below are examples of the numerous complaints lodged with the NHTSA by Honda owners and lessees. According to the complaining drivers, the defect often manifests when the Class Vehicles are still brand new:

> 2017 Honda CR-V: Driving my 2017 CRV EX home from work. Stopped at red light, foot on brake pedal. When the traffic signal turned green, I took my foot off the brake pedal, and a message came up on the dashboard screen "**brake system failure**". The engine was still running. I turned onto a side street and tried to depress the brake pedal, but it was frozen and the vehicle would not stop.
>
> I pulled into a parking lot and put the vehicle in 'park', and called the dealership where I leased the vehicle. The sales rep suggested I turn off the engine and restart it. I did that and all systems seemed to function properly.
>
> I later took my CRV back to the dealer, and they did a diagnostic check but found no definitive problem. The technician could only say the computer indicated something had occurred but could say what, or why, or whether it might occur again. The service advisor said they could not find a problem, and everything seemed ok, and "have a nice day!"
>
> Now I am anxious when I drive wondering if, or when, the brake system might fail again. Is it just my CRV, or has this issue been reported by anyone else? This issue, should it occur again while driving in traffic, **could result in a serious crash situation.**

---

[5] http://www.hondaproblems.com/honda-sensing/ (emphasis added).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

(NHTSA ID 10959870, Report Date: March 9, 2017)

2017 Honda CR-V: Collision mitigation system is malfunctioning when driving over metal plates: during construction, metal plates were put on the road where I work. They do not stick out, area flush with the street, and are about 4 feet wide. Every time I get close to drive straight over them (at probably 20-25 MPH), **my car slams onto the brakes and comes to a complete stop**. If anybody were behind me, they would rear-end me. A colleague of mine bought the same car and has exactly the same problem. I had my car checked out at a Honda dealer and they told me everything is working properly. The system cannot be turned off permanently, so I have to turn it off manually every time I start the car. This is very dangerous, as somebody will get hurt soon if somebody is behind me and there is no reason I would come to such an abrupt stop.
(NHTSA ID 10985566, Report Date May 14, 2017)

2017 Honda CR-V: Faulty Honda Sensing was driving at approx 35MPH when CRV slammed on it's on brakes by itself for the 2nd time thank god no one was behind us, high beams come on when close to on coming traffic blinding on coming traffic, blind spot indicator comes on when no one around, blind spot indicator doesn't come on, when cars in blind spot, didn't see car in my blind spot and cut car off because blind spot indicator wasn't working. Burning wire smell inside cab. **Most of these problems have been happening since approx Jan 2017 less than 1 month of owning car**. I can't list just 1 day its happened because it's happened multiple times over and over. CRV has been in shop 5-6 times for these problems with no luck of fixing them.
(NHTSA ID 11003507, Report Date: July 6, 2017)

2017 Honda CR-V: Was driving 45MPH on a straight, flat road, no other cars around. **Brakes slammed on and then released. There was nothing in front of me or behind me**. I believe something is wrong with the collision mitigation braking system. My back and neck are very sore. There were no warnings from the system.
(NHTSA ID 11013983, Report Date: August 8, 2017)

2017 Honda CR-V: **Brakes came on hard with cruise control set** at 73 MPH while driving on interstate in left lane. Nothing was ahead of me in my lane. I was overtaking a vehicle that was in the right lane. The

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

highway was very straight. I believe that there is a problem with the collision avoidance system.
(NHTSA ID 11030370, Report Date: September 28, 2017)

2017 Honda CR-V: The collision mitigation braking system is a safety feature that alerts the driver of a potential frontal collision with a vehicle or pedestrian. When a collision is deemed unavoidable, the system automatically reduces the vehicle's speed and brings the vehicle to a complete stop. The system provides visual and audible alerts. The system has activated automatically while in forward motion on city streets without reason causing the vehicle to brake hard and to come to a complete stop in moving traffic **nearly causing rear-end collisions**.
(NHTSA ID 11046452, Report Date: November 16, 2017)

2017 Honda CR-V: **On two separate occasions the "brake" signal displayed and the vehicle came to a sudden screeching and complete stop**. There were no vehicles or any other obstruction in front of me and thank goodness no one behind me. I was in motion at a speed of about 20 mph. The sudden and without reason stop jolted me forward without warning and it was very painful. I took the vehicle to the dealer I purchased it from and was told to disable the feature because they were unable to duplicate the fault. The default for this feature is enabled upon starting vehicle. So I must disable the collision mitigation system every time I start the car.
(NHTSA ID 11047576, Report Date: November 20, 2017)

2017 Honda CR-V: **Traveling on interstate at the speed limit the car suddenly braked**. All safety systems were activated at this time. Fortunately there was no traffic in front, behind or beside. I got the car under control, turned all systems off and proceeded. Messages on dash indicated four systems were inoperatable. When I got home I called Honda to report. They suggested I take the car to my dealer. I did so the following day. (this happened on a weekend) they indicated there was a "bulletin" out on this problem. They downloaded new software to correct the problem.

Now my concern. Bulletins are only acted upon when an owner complains. The issue I outlined above warrants surely qualifies for more than a bulletin. At the same time.at the dealer I learned of another

10

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

problem...a recall for a gas line issue. Someone needs to inform the owners of this vehicle when a recall is made. I was not informed. I accidentally found out about it.at the dealer ,

Consumer gives permission to discuss this matter with the Honda Corp *VA *JS
(NHTSA ID 11055685, Report Date: December 16, 2017)

<u>2017 Honda CR-V</u>: Problem: the apply brakes light appeared on the dashboard display and the brakes automatically applied, dragging the car from 65mph to 25 in about 80 feet. **The SUV behind me narrowly avoided hitting me**. There were no cars in my lane ahead of me for est. 7 car lengths. Narrative: clear day on the capital beltway, 495, inner loop immediately after the chain bridge road exit in Virginia. I had accelerated from 30MPH to merge from the Highway 7/Leesburg Pike on-ramp onto the 495 inner loop into heavy traffic. This first lane from the right is a filter lane where on-boarding cars and exiting cars must filter onto the freeway or an exit in about .2 miles. After entering the heavily trafficked filter lane I cleared and entered the second freeway lane, making 65MPH to match traffic. Nobody was turning into my lane. My lane (second from right) was clear an estimated 7 car lengths in front of my car, but lanes around me were heavily travelled due to several exits in a short distance. (Tysons Corner/Highway 7, Chain Bridge Rd (VA 123), Dulles Toll Road (VA 267). After passing the Chain Bridge exit, before engaging the cruise control, I was jerked forward into the shoulder restraint as the brakes automatically engaged: the brake indicator showing on the dash. I looked in my rearview mirror and noted a SUV heavily braking to avoid impact. I hit the accelerator hard to increase the distance between it and me, making the brakes disengage. Speculation: this model frequently locks onto cars leaving my lane ahead of my course of travel and heavily deaccelerates as they slow to exit speed. Many cars were jockeying to exit in the lane to my right. My suspicion is the active braking system was traking some car in the right filter lane and applied brakes to match their exit speed, which could have been around 20MPH.
(NHTSA ID 11067373, Report Filed: February 7, 2018)

<u>2017 Honda CR-V</u>: **Sensor failure displays on the dashboard saying that some driver assist systems cannot operate**: radar obstructed.

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

Honda of Frederick tells me it's a weather related issue and manufacturing issue that they cannot do anymore to fix the problem.

Have happeed 4 times; recorded 3 times: driving in rain on highway, driving in snow in town, driving next day after snow but nothing on the road on highway. All straight ways. Have invoices from dealer.
(NHTSA ID 11088794, Report Filed: April 18, 2018)

2018 Honda CR-V: I was driving about 70MPH on the highway west bound in the morning, no direct sunlight, it was an overcast day. I had the adaptive cruise control on. **For no reason at all my car slammed on the brakes, did a moderate nose dive and locked my seat belt. No warning what so ever**. There was not another car for at least a 1/4 to 1/2 mile in front of me. Unfortunately there were cars behind me. I quickly disengaged the adaptive cruise control and floored the gas, avoiding an accident from the rear. I had this identical problem with a 2016 Honda Civic Touring, and every time I reported it, the dealership would blame sunlight, even if there was none when it happened. Something needs to be done about this.
(NHTSA ID 11111548, Report Filed: July 16, 2018)

2018 Honda CR-V: Collision mitigation braking system activated inappropriately while traveling at 45 mph, on a clear day, straight road with no oncoming traffic. **"brake" displayed on dash with no warning alerts at the time the full brake came on. Driver and passenger thrown forward, locking seatbelts.**
(NHTSA ID 11119364, Report Filed: August 11, 2018)

2018 Honda CR-V: On Monday, 8-20-18, the collision avoidance system caused the car to slam on it's brakes. There were no other vehicles or pedestrians anywhere near the vehicle. In the past, the brake light on the dash has lit up before with no vehicles around, but this is the first time it has slammed on the brakes. I took it to the dealer who said everything checked out fine, then printed out a bunch of papers for me explaining how the system works, which is basically saying it didn't happen. We are very fortunate that there were no cars behind us. **This is a serious issue which needs to be dealt with before someone gets hurt.**
(NHTSA ID 11121577, Report Filed:  August 22, 2018)

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

<u>2018 Honda CR-V</u>: **On two different occasions while driving on the freeway, with no vehicles in the vicinity, my car abruptly applied the brake system.** I didn't think to make note of the speed or date when it happened the first time, but I did make note of the second occurrence. During both occurrences, econ mode was turned off. Speed was 58 mph as I had merged over to the right to an exit lane. I did check online for any recalls for my vin and/or the make and model of my vehicle. No recalls were on record. I also checked different forums and found a couple complaints within the last month. I just purchased this vehicle from the Honda dealership 3 months ago.
(NHTSA ID 11132704, Report Filed: October 1, 2018)

*See* www.safercar.gov (emphasis added in all).

### Honda's knowledge of the defect

26.    Honda discovered long ago that the Honda Sensing system in Class Vehicles is defective.

27.    Honda along with the rest of the automotive industry has known for years that autonomous braking systems are at risk of object detection problems that lead to false alarms and abrupt braking where no potential collision is imminent. Honda conducted a safety recall in 2015 when several of its models were experiencing these types of false alarms and dangerously braking for no apparent reason. It has thus long been incumbent on Honda and other manufacturers using autonomous braking systems to undertake appropriate prerelease testing and inspections to ensure the vehicles are not prone to false alarms.

28.    For many decades, Honda has conducted durability and reliability testing of its new vehicles before introducing them to the market. This means that Honda automobiles, including Class Vehicles, are exposed to lengthy and comprehensive physical testing that reveals how the vehicles and their component parts and systems (including the CMBS) will perform over the span of many miles of driving.  Recognizing that automatic braking features require "the ultimate degree of precision," Honda conducted self-described "endless testing" of these systems,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

which took "[m]any days."[6] According to Honda, its repeated "[b]rutal tests" made test drivers carsick after experiencing sudden braking "over and over."[7]

29.    For example, in prior models equipped with CMBS, Honda employed two types of track tests specifically to evaluate the CMBS in "real world" situations. The testing involved a test driver driving toward targets and then evaluating whether the system reacted as intended. Honda used a combination of functionality and efficacy tests to estimate the effectiveness of the system in real-life situations.[8] Honda also conducted tests on public roads to determine the accuracy of the system's functions, particularly in different weather conditions.[9] Honda tested these systems "in as many situations and conditions as they could imagine."[10]

30.    Given its employment of prerelease testing—which includes driving the vehicles for many miles—Honda surely discovered the CMBS defect before it sold the first Class Vehicle. As the driver complaints to the NHTSA above show, the Class Vehicles often experience false alarms and dangerous, unnecessary braking shortly after drivers purchase or lease them. Given the immediacy with which the defect often manifests, it would be nearly impossible for Honda to put Class Vehicles to market without discovering the defect beforehand through its pre-release testing efforts (the results of which are exclusively within Honda's control).

31.    Also, once sales of a vehicle model begin, Honda monitors complaints

---

[6] https://global.honda/content/dam/site/global/about/cq_img/sustainability/safety/Hearts/Hearts-2.pdf

[7] Id.

[8] https://preview.thenewsmarket.com/Previews/NCAP/DocumentAssets/188045.pdf

[9] https://global.honda/content/dam/site/global/about/cq_img/sustainability/safety/Hearts/Hearts-2.pdf

[10] Id.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

to the NHTSA in the regular course of its business to evaluate potential defects. As some of the excerpted NHTSA complaints above reflect, Class Vehicle drivers have been complaining vocally—often beginning very shortly after a given model year has first gone on sale.

32.    Honda also receives a number of additional sources of aggregate data (which are in Honda's exclusive control). These data sources include warranty claims information, driver complaints, new vehicle purchaser survey responses, field reports by Honda-employed engineers who are called out to evaluate problems as they arise in the field, and other such data.  Honda begins reviewing this data as soon as its models are introduced and monitors it continuously as part of ongoing quality control efforts.

33.    Given all of these factors and sources of information, even if Honda had not discovered the defect before selling the first Class Vehicle, as soon as it began selling and leasing them Honda surely discovered the defect. By February 2017, for example, Honda had already conducted an investigation. It wrote to its dealers that in some 2017 CR-Vs with "low mileage" the "ACC (Adaptive Cruise Control), Collision Mitigation Braking System, and Road Departure Mitigation indicators" were lighting up on the dashboard.  Additionally, the "driver information interface shows Adaptive Cruise Control Problem, Collision Mitigation System Problem, and Road Departure Mitigation System Problem messages."  Honda blamed the factory's radar aiming process and instructed dealers to re-aim the radar.

34.    In November 2017, however, Honda sent another message to its dealers where it reported that 2017-2018 CR-V drivers continued to complain about "various warning lights such as the brake system, lane departure, ACC & forward collision warning illuminat[ing] on the dash."  Prior to attempting a repair, dealers should contact Honda and permit it to inspect the vehicle.  Honda also walked back its radar explanation, telling dealers it only wanted to inspect vehicles where a prior "[a]ttempt to re-aim the radar is not successful."  It issued similar messages in

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

January, March, and April 2018.

35.     In October 2018, Honda revised its instructions to dealers on re-aiming Class Vehicles' radars and admitted that many common and ordinary "environmental and roadway conditions can affect normal operation" of the Honda Sensing system. These conditions include:

- Rain, fog, and snow;
- Low sunlight;
- Strong light;
- Shadows from trees or buildings;
- Driving at night;
- Sudden changes between light and dark (such as the entrance or exit of a tunnel);
- Driving on curvy roads; and
- Driving on a hill.

Although Honda told its dealers to "Always remember" that the above conditions can interfere with Honda Sensing, Honda has not published this message for the benefit of drivers or potential purchasers of Class Vehicles and has not instructed its dealerships to warn drivers or prospective buyers about the problem.

36.     Despite Honda's actions, drivers continue to report the same problems in recent months:

<u>2017 Honda CR-V:</u> Radio locks up and then indicator lights on dash flash - brake failure, VSA failure, TPMS failure, LDW failure, ACC failure, LKAS failure, CMBS failure. **Had it at Honda service two times and they reinstalled software and did a hard reboot. Issue reared its head again** Dec 14, took to Honda service with lights flashing for a computer read. Service scheduled for Dec 19 to look into issues and perform recall repair. Check engine light has been on since I took it in Dec 14. Car seems to run fine even with indicator lights flashing. Issue happened first time while on interstate going 70 MPH. Secong time on backroad going 45 MPH.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

(NHTSA ID 11162103, Report Filed December 17, 2018)

2017 Honda CR-V: **My car came to a complete stop once while I was driving in the middle of an intersection and once just on a straight road. This happened twice, and I went flying forward and all my stuff on the seat went flying**. There was not a car in front of me. They said it must have been reading something to do this, and its to protect a possible pedestrian. This is an accident waiting to happen . I called Honda of Joliet to put it in my record. Another issue is the vehicle stability lights, the adaptive cruise control, collision mitigation, road departure mitigation, and a brake lights all flash stating there is a problem. These lights just come on while driving. This has happened three times . Once it was snowing. The second and third time the weather was clear. The first time I cleared some of the driving aides and the lights went off. I took it to Honda of Joliet on 1/25 and they aligned the radar. The lights came back on 1/28 /19 and they said they realigned it again. They had the car for 2 days. The original reason was the sensors are dirty, and in bad weather this can happen. They said a clump of snow could have caused this too. So this car is only good in good weather? **The service person said they have had a lot of cars in for this same reason.** Another problem was I came out to find my windows down, my sunroof open and my back door open. Car was stationary. Didn't take it in for this and forgot to tell them when I dropped it off on 1/28/19.
(NHTSA ID 11173145, Report Filed: January 20, 2019)

2018 Honda CR-V: CMBS faulty. It thinks there is n object on an empty road and hard brakes it's very hazardous to drive you never know when it's gonna happen **dealer can't find the isssue**
(NHTSA ID 11187348, Report Filed March 17, 2019)

2018 Honda CR-V: Honda's sensing system randomly displays invalid warning messages. This is the radar/camera system that monitors cars speed, braking, distances, cruise control, etc. This is a random issue that occurs when driving at highway speeds (45 to 65MPH). Warning lights come on stating problems with brakes, speed controls, etc. The main safety concern is that system tells you that you have a problem with your brakes, and you have no way of know if this is true or not. You are forced to pull over in traffic and understand if there is a problem or not.

17

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

I understand that if it is snowing, heavy rain, heavy dust, or the sensors are blocked in any way, a warning light will come on. The safety concern is that the warnings come on randomly on a sunny or cloudy dry day where there should be nothing that sets the sensors off. To correct the problem, you must stop the car, place it in park and then the alarms clear. **This system is not reliable and can not be trusted, plus has not been able to be repaired by the dealer, and per Honda information, could randomly stop the car when there is not real problem** (i.e. set the brakes as I am driving down the road at highway speeds for no reason). False warning lights distract the driver and could lead to a collision while driving or on the side of the road trying to determine if there is truly a problem with the vehicle. Should system stop the car for no reason, it could cause a collision. This continues to occur with this vehicle.
(NHTSA ID 11189948, Report Filed March 19, 2019)

<u>2017 Honda CR-V:</u> Vehicle was stopped at a light . **When light turned green, began to enter the intersection when vehicle suddenly flashed brake warning and brought car to complete stop. There was nothing in front of the vehicle. Luckily the vehicle behind did not hit the back of my car.** Third time since I purchased the vehicle that this has happened, bar braking with nothing in front of it.
(NHTSA ID 11192060, Report Filed: March 27, 2019)

<u>2018 Honda CR-V:</u> When driving down the hwy, multiple times now, all of the dash warning lights come on concerning the sensing systems and brake system. **I have taken to the dealership 4 times now with no real answers.** It's your toll tag placement - nope. It's an old code that we reset - nope. It isn't happening now - then i leave and it happens the next day. Where do I report a 35k lemon???
(NHTSA ID 11193932, Report Filed April 4, 2019)

*See* www.safercar.gov (emphasis added in all).

### The dangers posed to occupants of Class Vehicles

37.    Over the past decade, automotive manufacturers and the NHTSA have recognized that autonomous braking systems prone to false alarms pose unreasonable safety hazards and should be remedied through a safety recall.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

38.     For example, Honda conducted a NHTSA-overseen safety recall in 2015 of several of its models. Honda's stated reason for the recall was: "Under certain specific driving conditions, the collision mitigation braking system (CMBS) could lock on an incorrect target. If this occurs, the CMBS may apply the brakes in an attempt to stop the vehicle. If the vehicle suddenly slows or comes to a stop, it could increase the risk of a crash."[11] In the recall letter to affected owners, Honda reiterated, that the "defect" "relates to motor vehicle safety" and that "If the CMBS applies unexpected emergency braking force during normal operation, it could increase the risk of a crash."[12] In short, the recalled vehicles were falsely identifying collision risks ahead of the vehicle that did not actually pose imminent risks for an accident.

39.     Toyota recalled several of its models due to a similar problem with its own autonomous braking system (which Toyota calls a "Pre-Collision System" or "PCS").[13] Per a Toyota press release at the time, in the recalled "vehicles, under certain situations, the PCS (Pre-Collision System) could interpret a steel joint or plate in the roadway as an object that triggers PCS activation. If this occurs, the PCS warning buzzer sounds and the system may apply the service brake automatically." Toyota, like Honda, acknowledged in the recall papers that "Unexpected braking could increase the risk of a crash."

40.     Ford too has issued a safety recall due to a false alarms plaguing the autonomous braking system in its trucks.[14] Ford initiated the recall after discovering that "its automatic braking system incorrectly senses that there's another vehicle in

---

[11] https://static.nhtsa.gov/odi/rcl/2015/RCRIT-15V301-5183.pdf
[12] https://static.nhtsa.gov/odi/rcl/2015/RCONL-15V301-4918.pdf
[13] https://www.autoblog.com/2015/11/04/toyota-recalls-pre-collision-system-on-avalon-and-es-models/
[14] https://money.cnn.com/2015/09/30/autos/ford-recall-f-150/index.html

19

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

its lane," and would then "hit the brakes."[15] Ford said at the time that it was aware of at least one potential collision that resulted.

**Honda's concealment of the defect and its refusal to warn owners and lessees**

41.    Despite its knowledge that the defect in Class Vehicles endangers drivers, passengers, and others on the road, Honda continues to conceal the problem from drivers and potential customers alike. Honda has not warned consumers at the point of sale or lease (nor instructed its dealerships to do so) and has made no effort to alert drivers to the risk. As a result, most drivers are unaware that they are driving unsafe vehicles and consumers are deprived of the right to make informed purchasing decisions taking into account the available information about the defect.

42.    As Honda knows, the defect is not reasonably discoverable by consumers unless they experience it firsthand and thus are exposed to the attendant safety risks.

43.    While vehicles with similar defects have been the subject of voluntary safety recalls—which by law requires notification to owners of lessees of the danger—Honda continues to profit from the sale and lease of defective vehicles to unwitting consumers and continues to decline assistance for Class Vehicles that remain within warranty.

44.    Given the severity and the safety risks posed by the defect, Honda either should not have sold or leased Plaintiffs and class members their vehicles or it should have prominently disclosed—both in a written disclosure to be acknowledged in writing by Plaintiffs and class members and through an oral disclosure to be given by Honda's authorized dealerships—that the vehicles' autonomous braking systems are defective and may malfunction including by abruptly braking when there is otherwise no risk of a collision.

## PLAINTIFFS' EXPERIENCES

---

[15] *Id.*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

**Larry Fain**

45.     Larry Fain purchased a new 2017 Honda CR-V in or around May 2017, from Community Honda, an authorized Honda dealership located in Cedar Falls, Iowa. Mr. Fain's vehicle was equipped with Honda Sensing. Mr. Fain researched the vehicle online, including on Honda's website and also spoke with dealership personnel about the vehicle before making his purchase.

46.     While driving his vehicle, Mr. Fain's CR-V has suddenly applied the brakes without warning with no vehicles or objects directly in front of the vehicle.

47.     Mr. Fain contacted Honda who claimed not to have heard of the issue before.

48.     Had Honda adequately disclosed the defect, Mr. Fain would not have purchased his vehicle. His vehicle remains within the scope of Honda's new vehicle limited warranty.

**Franzetta Cheathon**

49.     Franzetta Cheathon purchased a new 2017 Honda CR-V in or around August 2017, from Maita Honda, an authorized Honda dealership located in Citrus Heights, California.  Ms. Cheathon's vehicle was equipped with Honda Sensing. Ms. Cheathon researched the vehicle online, including on Honda's website, and also spoke with dealership personnel about the vehicle before making his purchase.

50.     While driving her vehicle, Ms. Cheathon's CR-V has suddenly applied the brakes without warning with no vehicles or objects in front of the vehicle.

51.     Had Honda adequately disclosed the defect, Ms. Cheathon would not have purchased her vehicle, or would have paid substantially less for it. Her vehicle remains within the scope of Honda's new vehicle limited warranty.

## CLASS ACTION ALLEGATIONS

52.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and the following proposed classes, within which the term "Class Vehicle" is defined to include the 2017-18 model year Honda

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

CR-V:

Nationwide Class

*All persons who purchased or leased a Class Vehicle in the United States.*

California Class:

*All persons who purchased or leased a Class Vehicle in California.*

Iowa Class:

*All persons who purchased or leased a Class Vehicle in Iowa.*

53.     Excluded from the proposed classes are Honda; any affiliate, parent, or subsidiary of Honda; any entity in which Honda has a controlling interest; any officer, director, or employee of Honda; any successor or assign of Honda; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse; members of the judge's staff; and anyone who purchased a Class Vehicle for the purpose of resale.

54.     The above proposed class definitions suffice because they use objective characteristics; class membership turns on objective criteria including whether someone bought or leased a Class in a particular state. Documents identifying who purchased and leased Class Vehicles, and where, are in Defendants' possession, custody, and control.

55.     **Numerosity**. Honda sold many thousands of Class Vehicles, including a substantial number in California and Iowa. Members of the proposed classes likely number in the thousands and are thus too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail, supplemented by published notice (if deemed necessary or appropriate by the Court).

56.     **Commonality and Predominance**. Common questions of law and fact exist as to all proposed members of the classes and predominate over questions affecting only individual class members. These common questions include:

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

a.    Whether Honda knew or should have known of the defect, and if so, when it discovered this;

b.    Whether knowledge of the defect would be important to a reasonable person, because, among other things, it poses an unreasonable safety hazard and impacts the central functionality of Class Vehicles;

c.    Whether Honda failed to disclose and concealed the existence of the defect from potential customers;

d.    Whether the Court may enter an injunction requiring Honda to notify owners and lessees about the defect;

e.    Whether Honda's conduct, as alleged herein, violates the consumer protection laws of California;

f.    Whether Honda has breached its implied warranty obligations; and

g.    Whether Honda's conduct, as alleged herein, entitles Plaintiffs and the proposed classes they represent to restitution.

57.    **Typicality**. Plaintiffs' claims are typical of the claims of the proposed classes.  Plaintiffs and the members of the proposed classes all purchased or leased Class Vehicles with the same defect, giving rise to substantially the same claims. As illustrated by class member complaints, some of which have been excerpted above, each vehicle model included in the proposed class definitions has suffered from the same defect that Plaintiffs are complaining about.

58.    **Adequacy**. Plaintiffs are adequate representatives of the proposed classes because their interests do not conflict with the interests of the members of the classes they seek to represent. Plaintiffs have retained counsel who are competent and experienced in complex class action litigation, and who will prosecute this action vigorously on class members' behalf.

59.    **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to

23

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

make the prosecution of individual actions against Honda economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions arising from the defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

60.     In the alternative, the proposed classes may be certified because:

     a.    the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Honda;

     b.    the prosecution of individual actions could result in adjudications, which as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

     c.    Honda has acted or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to the members of the proposed classes as a whole.

## TOLLING OF STATUTES OF LIMITATIONS

61.     **Discovery Rule**. Plaintiffs' and class members' claims accrued upon discovery that their Class Vehicles were sold and leased with a known defect. While Honda knew about, and concealed, the defect, Plaintiffs and class members could not and did not discover this fact through reasonable diligent investigation until after they experienced it and learned that the problem was not isolated to their vehicle.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

62.     **Active Concealment Tolling**. Any statutes of limitations are tolled by Honda's knowing and active concealment of the fact that Class Vehicles suffer from an inherent defect.  Honda kept Plaintiffs and all class members ignorant of vital information essential to the pursuit of their claim, without any fault or lack of diligence on the part of Plaintiffs. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and class members, and await discovery. Plaintiffs could not reasonably have discovered the defect on their own.

63.     **Estoppel**. Honda was and is under a continuous duty to disclose to Plaintiffs and all class members the true character, quality, and nature of the Class Vehicles. At all relevant times, and continuing to this day, Honda knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Class Vehicles. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and class members, and await discovery. Plaintiffs reasonably relied upon Honda's active concealment. Based on the foregoing, Honda is estopped from relying upon any statutes of limitation in defense of this action.

64.     **Equitable Tolling**. Honda took active steps to conceal the fact that it wrongfully, improperly, illegally, and repeatedly manufactured, marketed, distributed, sold, and leased Class Vehicles with a known defect. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and class members, and await discovery. When Plaintiffs learned about this material information, they exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing their claims. Honda fraudulently concealed its above-described wrongful acts. Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

### FIRST CAUSE OF ACTION

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

**Unlawful, Unfair, and Fraudulent Business Practices,**

**Cal. Bus. & Prof. Code § 17200, *et seq.***

**(Plaintiff Cheathon on behalf of the proposed California Class)**

65.    Plaintiff Cheathon re-alleges the paragraphs above as if fully set forth herein.

66.    Honda has violated and continues to violate California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which prohibits unlawful, unfair, and fraudulent business acts or practices.

67.    Honda's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law. In particular, Honda sold vehicles to class members despite knowing of a safety defect in the vehicles, failing to disclose its knowledge of the defect and its attendant risks at the point of sale or otherwise.

68.    Honda's business acts and practices are unlawful in that they violate the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.*, and the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty, Cal. Civ. Code § 1790, *et seq.*, for the reasons set forth below

69.    Honda's acts and practices also constitute fraudulent practices in that they are likely to deceive a reasonable consumer. As described above, Honda knowingly conceals and fails to disclose at the point of sale and otherwise that Class Vehicles have a defect, endangering the personal safety of drivers and passengers and detracting from the central functionality of the vehicles. As Honda knew, had it disclosed this fact, Plaintiff, class members, and reasonable consumers would not have purchased Class Vehicles or would have paid significantly less for them, and Honda thus concealed the defect with the intent to profit from its nondisclosure. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the defect.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

CASE NO. _____

70.     Honda's conduct also constitutes unfair business practices for at least the following reasons:

a.      The gravity of harm to Plaintiff and the proposed California Class from Honda's acts and practices far outweighs any legitimate utility of that conduct;

b.      Honda's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the proposed California Class; and

c.      Honda's conduct undermines or violates the stated policies underlying the Consumers Legal Remedies Act and the Song-Berly Consumer Warranty Act—to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

71.     As a direct and proximate result of Honda's business practices, Plaintiff and proposed class members suffered injury in fact and lost money or property, because they purchased and paid for vehicles that they otherwise would not have, or in the alternative, would have paid less for.

72.     Plaintiff and the proposed California Class are entitled to equitable relief, including an order directing Honda to disclose the existence of the defect to drivers and consumers and to provide restitution and disgorgement of all profits paid to Honda as a result of its unfair, deceptive, and fraudulent practices, reasonable attorneys' fees and costs, and a permanent injunction enjoining such practices.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

### SECOND CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act,

### Cal. Civ. Code § 1750, *et seq.*

### (Plaintiff Cheathon on behalf of the proposed California Class)

73.    Plaintiff Cheathon re-alleges the paragraphs above as if fully set forth herein.

74.    Honda is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and has provided "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

75.    Plaintiff and members of the proposed California Class are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

76.    Honda's acts and practices, which were intended to result and which did result in the sale of defective Class Vehicles, violate § 1770 of the Consumers Legal Remedies Act for at least the following reasons:

a.    Honda represents that its vehicles had characteristics, uses, or benefits which they do not have;

b.    Honda advertises its goods with intent not to sell them as advertised;

c.    Honda represents that its vehicles are of a particular standard, quality, or grade when they are not;

d.    Honda represents that a transaction conferred or involved rights, remedies, or obligations which they do not; and

e.    Honda represents that its goods have been supplied in accordance with a previous representation when they have not.

77.    As described above, Honda sold and leased vehicles to class members with a known defect that endangers drivers and materially detracts from the central functionality of the vehicles. Honda failed to disclose its knowledge of the defect and its attendant risks at the point of sale or otherwise, realizing that warning about the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

1  defect would dissuade class members from purchasing and leading the vehicles.

2  Furthermore, Honda claims to be unable or unwilling to adequately repair the

3  vehicles so as to eliminate the defect.

4      78.    Had Honda not concealed and instead adequately disclosed the defect,

5  Plaintiff, members of the proposed class, and reasonable consumers would not have

6  purchased or would have paid less for their vehicles.

7      79.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff has or

8  will soon send a notice letter to Honda to provide it with the opportunity to correct

9  its business practices, and then will amend this complaint to add a demand for

10 damages should Honda decline to reform its conduct in response to the demand and

11 this complaint.

12     80.    Pursuant to California Civil Code § 1780, Plaintiff seeks an order

13 enjoining Honda from the unlawful practices described above and a declaration that

14 Honda's conduct violates the Consumers Legal Remedies Act, as well as actual and

15 punitive damages and attorneys' fees and costs.

16                    **THIRD CAUSE OF ACTION**

17           **Violation of Song-Beverly Consumer Warranty Act**

18      **for Breach of Implied Warranty, Cal. Civ. Code § 1790, *et seq.***

19      **(Plaintiff Villanueva on behalf of the proposed California Class)**

20     81.    Plaintiff Cheathon re-alleges the paragraphs above as if fully set forth

21 herein.

22     82.    Class Vehicles are "consumer goods" and Plaintiff and the proposed

23 California Class are "buyers" within the meaning of Cal. Civ. Code § 1791. Honda

24 is also a "manufacturer," "distributor," or "retail seller" under Cal. Civ. Code

25 § 1791.

26     83.    The implied warranty of merchantability included with the sale of

27 each Class Vehicle means that Honda warranted that each Class Vehicle (a) would

28 pass without objection in trade under the contract description; (b) was fit for the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

84. The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

85. The Class Vehicles are not adequately labeled because their labeling fails to disclose the defect and does not advise the members of the proposed California Class of the existence of the danger prior to experiencing failure firsthand.

86. Honda's actions have deprived Plaintiff and the members of the proposed California Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed California Class paid.

87. As a direct and proximate result of Honda's breach of implied warranty, members of the proposed California Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed California Class have been damaged by the diminished value of their Class Vehicles.

88. Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiff and members of the proposed California Class are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or the overpayment or diminution in value of their Class Vehicles. They are also entitled to all incidental and consequential damages resulting from Honda's breach, as well as reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

### Fraud by Omission

### (Plaintiff Fain on behalf of the proposed Iowa Class)

89. Plaintiff Fain incorporates the paragraphs above as if fully set forth herein.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

90.    Honda's acts and practices constitute fraud by omission because Honda failed to disclose information that was material to Plaintiff and proposed class members before they purchased or leased Class Vehicles.  Specifically, Honda sold and leased vehicles to class members with a known safety defect, and Honda chose not to disclose its knowledge of the defect and its attendant risks at the point of sale or otherwise, realizing that warning about the defect would dissuade class members from purchasing and leasing the vehicles. Honda now claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the defect.

91.    Honda had ample means and opportunities to disclose these facts to Plaintiff Fain and proposed class members before they purchased or leased Class Vehicles.

92.    Honda knew that Plaintiff and proposed class members reasonably relied on Honda's omissions.  Plaintiff and proposed class members had no way of knowing that Honda's omissions were false and misleading and that their vehicles contained defective Honda Sensing systems.

93.    As a direct and proximate result of Honda's omissions, Plaintiff Fain and the proposed class members have suffered actual damages.  Had Honda not made misleading omissions concerning the defective Honda Sensing system in Class Vehicles, Plaintiff Fain and proposed class members would not have purchased their vehicles or would have paid substantially less for them.  In the meantime, Honda generated more revenue than it otherwise would have.

94.    Honda is liable to Plaintiff Fain and proposed class members for damages in an amount to be proved at trial.

**FIFTH CAUSE OF ACTION**

**Unjust Enrichment**

**(Plaintiffs Cheathon and Fain on behalf of the proposed Nationwide Class)**

95.    Plaintiffs re-allege the paragraphs above as if fully set forth herein.

96.    As described above, Honda sold vehicles to class members even though

31

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

the vehicles are defective and pose a safety hazard, and failed to disclose its knowledge of the defect and its attendant risks at the point of sale or otherwise. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the defect.

97.    As a result of its fraudulent acts and omissions related to the defect, Honda obtained monies which rightfully belong to Plaintiffs and proposed class members to the detriment of Plaintiffs and the class.

98.    Honda appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and the proposed class members, who, without knowledge of the defect, paid a higher price for their vehicles than those vehicles were worth.

99.    It would be inequitable and unjust for Honda to retain these wrongfully obtained profits.

100.   Honda's retention of these wrongfully-obtained profits would violate the fundamental principles of justice, equity, and good conscience.

101.   Plaintiffs and the proposed Class are entitled to restitution of the profits Honda unjustly obtained, plus interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter a judgment awarding the following relief:

a.    An order certifying the proposed Nationwide and California classes, and appointing Plaintiffs' counsel to represent the classes;

b.    An order awarding Plaintiffs and class members their actual damages, punitive damages, and/or any other form of monetary relief provided by law;

c.    An order awarding Plaintiffs and the classes restitution, disgorgement, or other equitable relief as the Court deems proper;

d.    An order requiring Honda to adequately disclose and repair the defect;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

e.    An order awarding Plaintiffs and the classes pre-judgment and post-judgment interest as allowed under the law;

f.    An order awarding Plaintiffs and the classes reasonable attorneys' fees and costs of suit, including expert witness fees; and

g.    An order awarding such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury for all issues so triable under the law.

DATED: April 16, 2019                    Respectfully submitted,

**GIBBS LAW GROUP LLP**

By:    */s/ David Stein*

Eric H. Gibbs (SBN 178659)
David Stein (SBN 257465)
Steven Lopez (SBN 300540)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone:  (510) 350-9700
Facsimile:   (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
sal@classlawgroup.com

*Attorneys for Plaintiffs*

33

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____